UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

**VALOUR, LLC, ET AL**   *   **CIVIL NO. 6:16-0733**

**VERSUS**   *   **JUDGE DRELL**

**ROMANO DEPAOULI, ET AL**   *   **MAGISTRATE JUDGE WHITEHURST**

**REPORT AND RECOMMENDATION**

Pending before me for Report and Recommendation is the Motion to Dismiss filed by defendant, the United States of America ("USA"), on July 29, 2016. [rec. doc. 9]. No opposition has been filed, and the deadline for filing opposition has expired.[1]

For the following reasons, I recommend that the motion [rec. doc. 9] be **GRANTED**.

**I. Background**

Valour, LLC ("Valour") and Dennis Pennington ("Pennington") filed an action against Romano Depaoli ("Depaoli"), Harold Kostem ("Kostem"), Lisa Huff ("Huff"), Jeremy Wiesel ("Wiesel"), Maurice Compton ("Compton"), and the USA under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and for possible abuse of process and malicious prosecution claims pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671, *et seq*.

Valour, a limited liability company based in Abbeville, Louisiana, provides aircraft maintenance services to the United States military. Pennington is Valour's Chief Executive Officer and Senior Management Official. [Complaint, rec. doc. 1, ¶ 10].

In 2013, Master Gunnery Sergeant Compton, an Aviation Maintenance Chief assigned to the Presidential Helicopter Maintenance Squadron at the Marine Corps Base in Quantico, Virginia, contacted Kostem, a Contracts Specialist at MCI-East, complaining of suspected violations regarding a

---

[1] LR 7.5W provides that opposition shall be filed within 21 days after service of motion.

contract for helicopter maintenance services on the HMX-1 CH-46E aircraft. [Complaint, rec. doc. 1, ¶ 17]. Valcour was the incumbent contractor, and several other defense contractors were competing to win the contract. [Complaint, rec. doc. 1, ¶ 18]. As a result of these allegations, Naval Criminal Investigation Services ("NCIS") conducted a criminal investigation, with NCIS special agent Depauoli, Huff and Wiesel, investigating the allegations.

.	On November 5, 2014, a federal grand jury in the Eastern District of North Carolina indicted Bowling, Kolhagen and Pennington. [Complaint, rec. doc. 1, ¶ 3]. The indictment charged all defendants with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 (count one), wire fraud and aiding and abetting in violation of 18 U.S.C. §§ 1343 and 2 (count two), and major fraud against the USA in aiding and abetting in violation of 18 U.S.C. § 1031(a) and 2 (count three). [rec. doc. 1, ¶ 4]. The indictment also charged Kolhagen with disclosing source selection information in violation of 41 U.S.C. § 2102 (count four), and Bowling and Pennington with obtaining source select information in violation of 41 U.S.C. § 2102(b) (count five). [rec. doc. 1, ¶ 5].

On February 2, 2015, Bowling and Pennington moved to dismiss counts one, two, three and five of the indictment. [Complaint, rec. doc. 1, ¶ 6]. On May 26, 2015, Judge James C. Devers granted defendants' motion to dismiss, and dismissed the indictment without prejudice. [Complaint, rec. doc. 1, ¶ 7].

Valour and Pennington assert that the investigation and subsequent indictments caused the loss of Valour's security clearance and other damages. [Complaint, rec. doc. 1, ¶¶ 100, 105]. On May 23, 2016, they mailed an administrative tort claim to the Department of the Defense, Department of the Navy and Department of Justice seeking monetary damages pursuant to the FTCA for abuse of process and malicious prosecution. [rec. doc. 9, Exhibit A, SF-95].

On May 26, 2016, plaintiffs filed an action against defendants pursuant to *Bivens* and possible abuse of process and malicious prosecution claims pursuant to the Federal Tort Claims Act ("FTCA"),

2

28 U.S.C. §§ 1346(b), 2671, *et seq*. The Court's docket sheet does not indicate whether the individual defendants were served with process.

On July 29, 2016, the USA filed the instant Motion to Dismiss [rec. doc. 9] on the grounds that: (1) this Court lacks subject matter jurisdiction over the constitutional claims asserting Fourth and Fifth Amendment violations against the USA, and (2) plaintiffs' state law tort claims asserted under the FTCA are premature.

## II. Standard for Motion to Dismiss

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Id*. (*citing Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Id*. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. *Id*.

In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute. *Id*.; *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). A motion under 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Hooks v. Landmark Industries, Inc*., 797 F.3d 309, 312 (5th Cir. 2015) (*citing Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss*., 143 F.3d 1006, 1010 (5th Cir. 1998)). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders*, 143 F.3d at 1010 (*quoting Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)).

## III. Analysis

The USA seeks dismissal of plaintiffs' claims against on the grounds that: (1) this Court lacks subject matter jurisdiction over the constitutional claims asserting Fourth and Fifth Amendment violations against the USA, and (2) plaintiffs' state law tort claims asserted under the FTCA are premature.

**A. Sovereign Immunity**

First, the USA argues that it is immune from plaintiffs' constitutional claims under the doctrine of sovereign immunity.

Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996, 1000, 127 L.Ed.2d 308 (1994); *City of Alexandria v. Fed. Emergency Management Agency*, 781 F.Supp.2d 340, 346 (W.D. La. 2011) (Hicks, J.). The doctrine of sovereign immunity is jurisdictional in nature. *Meyer*, 510 U.S. at 475, 114 S.Ct. at 1000. It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction. *City of Alexandria*, 781 F.Supp. at 346 (*citing U.S. v. Mitchell*, 463 U.S. 206, 212, 103 S.Ct. 2961, 2965, 77 L.Ed.2d 580 (1983)). The burden is on plaintiffs to show such consent, because they are the parties asserting federal jurisdiction. *Id*. at 346.

Here, plaintiffs failed to respond to the motion to dismiss, and the deadline for filing opposition has expired. Additionally, no exception exists under *Bivens*[2] which would permit plaintiffs to sue the

---

[2] In *Bivens*, the Supreme Court held that an implied a cause of action exists for damages against federal agents who allegedly violate the Constitution. However, the Court has since declined to imply a similar cause of action directly against the USA or an agency of the Federal Government. *Meyer*, 510 U.S. at 473; *see also Correctional Services Corp. v. Malesko*, 534 U.S. 61, 122 S.Ct. 515, 151 L.Ed.2d 456 (2001) (holding that no implied private right of action, pursuant to *Bivens*, exists for damages against private entities engaging in alleged constitutional deprivations while acting under color of federal law); *Minneci v. Pollard*, 132 S.Ct. 617, 181 L.Ed.2d 606 (2012) (holding that prisoner at a federal facility operated by a private company could not assert a *Bivens* claim for damages against employees of the facility); *Hernandez v. United States*, 757 F.3d 249, 272 (5th Cir. 2014), *reh'g and reh'g en banc granted*, 771 F.3d 818 (5th Cir. 2014), *and adhered to in part on reh'g en banc*, 785 F.3d 117 (5th Cir. 2015) ("the Supreme Court has 'consistently refused to extend *Bivens* liability to any new context or new category of defendants.' ") (*citing Malesko*, 534 U.S. at 68)).

USA for their alleged claims under the Fourth and Fifth Amendments. Thus, they have not met their burden of establishing the government's waiver of sovereign immunity in this case.

**B. FTCA**

Next, the USA asserts that plaintiffs failed to exhaust administrative remedies under the FTCA prior to filing suit; thus, this action is premature.

Section 2675 of the FTCA provides, in pertinent part, as follows:

> (a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency* in writing and sent by certified or registered mail. *The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.* The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

(emphasis added). 28 U.S.C. § 2675(a).

A plaintiff may bring a claim under the FTCA only when: (1) the agency has denied the claim in a writing sent to the claimant by certified or registered mail, or (2) the claim is deemed denied by the passage of six months from its filing date without disposition. *Valentine v. Veterans Affairs*, 2016 WL 4257444, at *4 (N.D. Tex. July 13, 2016). This requirement "is a jurisdictional prerequisite," and "because presentment is a condition upon which the government consents to be sued under the FTCA's waiver of sovereign immunity, it must be strictly construed in favor of the United States." *Id.* (*citing Barber v. United States*, 642 Fed.Appx. 411, (5th Cir. 2016) (*per curiam*)) (*respectively citing Cook v. United States*, 978 F.2d 164, 165-66 (5th Cir. 1992) *and quoting Atorie Air, Inc. v. Fed. Aviation Admin.*, 942 F.2d 954, 958 (5th Cir. 1991); internal bracket and quotation marks omitted).[3]

---

[3] The Supreme Court's decision in *United States v. Kwai Fun Wong*,___ U.S. ____, 135 S.Ct. 1625 (2015), notwithstanding, 28 U.S.C. § 2675(a)'s exhaustion requirement remains jurisdictional. *Troha v. United States Dep't of Agric.*, 2016 WL 3211540, at *1 n. 1 (W.D. La. May 17, 2016) (Hayes, J.), *report and recommendation adopted*,

Here, plaintiffs submitted their SF-95 on May 23, 2016.  [rec. doc. 9, Exhibit A, SF-95].  Three days later, on May 26, 2016, plaintiffs filed the instant lawsuit.  At the time of filing the action, the agency had neither made any disposition of administrative claim, nor had the expiration of the requisite six month period for the final disposition of the claim occurred.  Accordingly, because plaintiffs filed this action before their administrative claim was denied or six months had passed, this Court lacks subject matter jurisdiction over the action.  *Valentine*, 2016 WL 4257444, at * 4 (*citing Hinojosa v. U.S. Bureau of Prisons*, 506 F. App'x. 280, 283 (5th Cir. 2013) (*per curiam*) ("Hinojosa filed his complaint just one week after filing his administrative claim, before his administrative claim was denied or six months had passed. Though his administrative claim has since been denied, that has no bearing on the jurisdictional issue"); *Pearson v. United States*, 2013 WL 3450147, at *4 (S.D. Tex. July 8, 2013) (*discussing Reynolds v. United States*, 748 F.2d 291 (5th Cir. 1984).[4]

### IV. Conclusion

Based on the foregoing reasons, the undersigned recommends that the Motion to Dismiss [rec. doc. 9] be **GRANTED**, and that the claims filed by plaintiffs against the USA be **DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.Civ.Proc.72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections

---

2016 WL 3211986 (W.D. La. June 9, 2016) (*citing Barber*, 642 F. App'x. at 414 n. 2).

[4] "In *Reynolds*, the court determined that parties must strictly adhere to statutory mandates that suits may be filed only after administrative avenues have been exhausted. Reynolds filed an administrative claim with the [VA] on April 22, 1982 for injuries suffered in a fall, and she filed an FTCA suit against the VA on August 10, 1982. The VA sent Reynolds a notice of denial of her claim on October 22, 1982. The Fifth Circuit held that, not only did the district court properly dismiss the Plaintiff's suit for lack of subject matter jurisdiction, but also that the district court properly dismissed the amended complaint [filed June 13, 1983]. The Fifth Circuit reasoned that under Federal Rule of Civil Procedure 15(c), the amended complaint could only relate back to the date on which the original complaint was filed, at which time the district court lacked subject matter jurisdiction." (internal citations omitted)).

within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN FOURTEEN (14) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR.** *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, 79 F.3D 1415 (5TH CIR. 1996).

Signed this 22nd day of September, 2016, at Lafayette, Louisiana.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE