UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| VALOUR LLC, ET AL | CIVIL NO. 6:16-cv-0733 |
|---|---|
| VERSUS | JUDGE DEE D. DRELL |
| ROMANO DEPAOLI, ET AL | MAGISTRATE JUDGE WHITEHURST |

### REPORT AND RECOMMENDATION

Before the undersigned, on referral from the district judge, is a Motion To Dismiss Pursuant To Rule 12(b)(2) and (3) filed by Defendants - Romano Depaoli ("Depaoli"), Lisa Huff ("Huff"), Harold Kostem ("Kostem") and Jeremy Wiesel ("Wiesel") (collectively "Defendants") [Rec. Doc. 45], Opposition thereto [Rec. Doc. 50] filed by Valour LLC ("Valour") and Dennis Pennington ("Pennington") (collectively "Plaintiffs") and Defendants' Reply thereto [Rec. Doc. 53]. The Motion came before the Court for hearing on oral argument on August 16, 2017 and this matter was taken under advisement. [Rec. Doc. 54]. For the reasons set forth below, the Court recommends that the Motion to Dismiss be granted.

### I. Background

Plaintiffs Valour and Pennington filed this action against Defendants under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d. 619 (1971), and against the USA for possible abuse of process and

malicious prosecution pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671, *et seq*.

Valour is a Limited Liability Company based in Abbeville, Louisiana that provided aircraft maintenance services to the United States military. Pennington is Valour's Chief Executive Officer and Senior Management Official and resides in Louisiana. *R. 1, ¶ 10*. James Bowling II ('Bowling") is Pennington's business partner and President of Valour. *R. 32-1.*[1]

In 2013, several defense contractors were competing with Valour, the incumbent contractor, to win a contract for helicopter maintenance services on the Marine Helicopter Squadron One ("HMX-1"). *R. 1, ¶ 18*. This squadron is responsible for transporting the President and Vice President of the United States and is based out of Quantico, Virginia. *R. 45-1, p. 8.* At the time, Chief Warrant Officer Craig A. Kohlhagen ("Kohlhagen") was a contracting officer for the Department of Navy. *R. 32-1, p. 5*. Due to suspected violations regarding the contract, Master Gunnery Sergeant Compton, an Aviation Maintenance Chief assigned to the Presidential Helicopter Maintenance Squadron at the Marine Corps Base in Quantico, Virginia contacted Kostem, a Contracts Specialist and an investigation by the Naval Criminal Investigation Services ("NCIS") was opened. *R. 1, ¶ 17*. NCIS special agents Depauoli, Huff and Wiesel participated in the

---

[1] Neither Bowling nor Kohlhagen, discussed below, are parties to this lawsuit.

investigation.

On November 5, 2014, a federal grand jury in the Eastern District of North Carolina indicted Bowling, Kolhagen and Pennington. *R. 1, ¶ 3.* The indictment charged all defendants with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 (count one), wire fraud and aiding and abetting in violation of 18 U.S.C. §§ 1343 and 2 (count two), and major fraud against the USA in aiding and abetting in violation of 18 U.S.C. § 1031(a) and 2 (count three). *R. 1, ¶ 4.* The indictment also charged Kolhagen with disclosing source selection information in violation of 41 U.S.C. § 2102 (count four), and Bowling and Pennington with obtaining source select information in violation of 41 U.S.C. § 2102(b) (count five). *R. 1, ¶ 5.*

On February 2, 2015, Bowling and Pennington moved to dismiss counts one, two, three and five of the indictment. *R.1, ¶ 6.* On May 26, 2015, Judge James C. Devers granted defendants' motion to dismiss, and dismissed the indictment without prejudice. *R. 1, ¶ 7.*

Valour and Pennington assert that the investigation and subsequent indictments caused the loss of Valour's security clearance and other damages. *R. 1, ¶¶ 100, 105.* On May 23, 2016, they mailed an administrative tort claim to the Department of the Defense, Department of the Navy and Department of Justice seeking monetary damages pursuant to the FTCA for abuse of process and malicious prosecution. *R. 9, Exh. A.*

On May 26, 2016, Plaintiffs filed an action against Depaoli, a resident and domiciliary of North Carolina; Kostem, a resident and domiciliary of North Carolina; Huff, a resident and domiciliary of Virginia; Wiesel, a resident and domiciliary of North Carolina; and Compton, a resident and domiciliary of Indiana pursuant to *Bivens*; and against the USA pursuant to the FTCA.

On October 26, 2016, this Court granted an unopposed Motion to Dismiss the USA without prejudice because Plaintiffs filed their action before the adminstrative claim was denied or six months had passed, and thus, the Court lacked subject matter jurisdiction on the claim. [Rec. Doc. 13]. On March 20, 2017, Plaintiffs received a "right to sue" letter from Tort Branch of the Federal Tort Claims Office stating that Plaintiffs have until September 20, 2017 to file a lawsuit naming the United States as a defendant. On March 29, 2017, Plaintiffs filed a Second Supplemental and Amending Complaint renaming the individual Defendants and the USA as defendants in this matter. [Rec. Doc. 27].

On June 21, 2017, Defendants filed the instant Motion to Dismiss [Rec. Doc. 45] on the grounds that: (1) this Court lacks personal jurisdiction over the nonresident Defendants, and/or (2) venue is not proper in the Western District of Louisiana as to Plainitff's Bivens action. Defendants also seek to dismiss Compton pursuant to Fed. R.Civ. P. 4(m) on the grounds that he has not been properly served

with the Complaint and Summons in this action.²

## **II. Law and Analysis**

Where a defendant challenges personal jurisdiction, the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists. *Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006). The plaintiff need not, however, establish jurisdiction by a preponderance of the evidence; a prima facie showing suffices. *Id*. This court must resolve all undisputed facts submitted by the plaintiff, as well as all facts contested in the affidavits, in favor of jurisdiction. *Id.*

Federal Rule of Civil Procedure 12(b)(2) allows for dismissal of an action where the Court lacks personal jurisdiction over the defendant. In a diversity action, such as this one, a federal court may exercise personal jurisdiction over a defendant to the extent permitted by the forum state's jurisdictional statute and the Due Process Clause of the Fourteenth Amendment. *Central Freight Lines Inc. v. APA Transport Corp.*, 322 F.3d 376, 380 (5th Cir. 2003). Here, these two inquiries merge into one because Louisiana's long-arm statute, LA REV. STAT. § 13:3201, permits

---

² On January 4, 2017, the Clerk issued a notice of intent to dismiss the individual defendants for failure to effect service within 90 days. [Rec. Doc. 14]. Thereafter, the Court granted, an extension of 60 days to effect service. [Rec. Doc. 15]. Defendants DePaoli, Huff, Kostem and Wiesel received a Complaint and Summons via mail. However, counsel for Defendants - DePaoli, Huff, Kostem and Wiesel - claims that Compton has not been properly served. Counsel states "Mr. Compton is mentioned in this motion for informational purposes only, and nothing herein should be construed as, or is intended to be, a waiver of service or an entry of appearance for or on behalf of Mr. Compton." *R. 45-1, p 1.*

5

jurisdiction coterminous with the scope of the due process clause. *Dalton v. R & W Marine, Inc.*, 897 F.2d 1359, 1361 (5th Cir. 1990).

For a court's exercise of personal jurisdiction over a nonresident defendant to be consistent with Due Process, two factors must be satisfied. *Central Freight Lines Inc.*, 322 F.3d at 380 (*quoting International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). First, the defendant must have "purposely availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state.'" *Id*. Second, a court's exercise of personal jurisdiction cannot "offend traditional notions of fair play and substantial justice.'" *Central Freight Lines Inc*. at 381. Due Process is satisfied when "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *Stuart v. Spademan*, 772 F.2d 1185, 1191 (5th Cir. 1985) (*quoting World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980)). This requirement ensures that a defendant will not be subject to litigation because of " 'random,' 'fortuitous,' or 'attenuated' contacts" with the forum state. *Stuart*, at 1191 (*quoting Burger King Corp. v. Rudewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 2183-84, 85 L.Ed.2d 528 (1985)).

Minimum contacts may result in either specific or general jurisdiction. *Central Freight Lines Inc.*, 322 F.3d at 380. As Central Freight Lines Inc. instructs,

"[g]eneral jurisdiction may be asserted when a defendant's contacts with the forum state are substantial and 'continuous and systematic' but unrelated to the instant cause of action." *Id.* at 381(quoting *Helicoperos Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8 (1984)). In contrast, when the nonresident defendant has "purposely directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities,'the defendant's contacts are sufficient to support the exercise of specific jurisdiction over that defendant.'" *Id.* (quoting *Burger King Corp.*, 471 U.S. at 472). In some cases, "[a] single purposeful contact, may confer specific jurisdiction. *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 379 (5th Cir.2002).

The Fifth Circuit has articulated a three-step analysis for specific jurisdiction, whereby the court is to consider:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable. *United States v Insurance Company of Pennsylvania,* 2016 WL 1718268 (W.D. La. 2016).[3]

If the plaintiff successfully establishes the first two prongs, the burden shifts to the defendant to make a "compelling case" that the exercise of personal jurisdiction

---

[3] Citing *Nuovo Pignone, SpA v. STORMAN ASIA M/V,* 310 F.3d 374, 378 (5th Cir. 2002)(abrogated on other grounds in Water Splash, Inc. v. Menon, 137 S.Ct. 1504 (2017) and *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985).

would be unfair or unreasonable. *Id.*

Plaintiffs assert that this Court has personal jurisdiction over the individual "Bivins" defendants because the "Plaintiffs are domiciled in Louisiana and Louisiana is the proper venue as to the United States for violations of the FTCA." *R. 50, p. 1*. Plaintiffs further contend that the actions of the Defendants resulted in a "Grand Jury investigation and the Grand Jury sought documents in Louisiana. Each defendant, acting in concert with the others, is what caused the Grand Jury to seek out information from the plaintiffs while in Louisiana." *R. 50, p. 2*. Plaintiffs specifically allege that Wiesel was actively involved in the investigation even after the Grand Jury commenced its investigation, received documents directly from Louisiana as a result of the Grand Jury subpeona, and was actually listed on the subpeona as the person responsible to receive documents from Plainitffs. *Id.* Finally, Plaintiffs claim "each defendant is jointly and severally liable with each other for the total and is joint and severally liable with the United States via the FTCA.... It is the acting in concert with each other which extends personal jurisdiction over each of the defendants and since the United States is properly within this Court's venue, via the FTCA, personal jurisdiction to cover the co-party Bivens defendants is also proper." *R. 50, p. 3*.

Defendants contend that Plaintiffs have failed to identify any general or specific contacts with the State of Louisiana by individual Defendants DePaoli, Huff,

Kostem or Wiesel. Defendants point out that the only contact Plaintiffs asserted was the subpoena which was actually issued and mailed to Plaintiffs by Evan Rikhye, Assistant U.S. Attorney in North Carolina, not by Agent Jeremy Wiesel and the fact that Agent Wiesel's name happened to be included on the subpoena by Mr. Rikhye does not constitute a purposeful contact with the State of Louisiana. *R. 53, p. 3.* Moreover, Defendants contend that Plaintiffs' act of mailing documents from Louisiana to North Carolina in response to the subpoena fails to constitute minimum contacts. *Walden v. Fiore*, 134 S.Ct. 1115, 1124 (2014) (Nevada District Court lacked personal jurisdiction over Georgia Officer that seized cash of Nevada resident in airport, helped draft false probable cause affidavit and forwarded to U.S. Attorney's Office in Georgia.)

Defendants also argue that there is no joint and several liability linking the FTCA claims against the USA and Bivens claims against Defendants, that personal jurisdiction over Defendants in a Bivens action cannot be based upon their affiliation with the United States, and that a defendant's employment by the United States does not constitute minimum contacts required for personal jurisdiction in a Bivens action. *Lopez v. Mineta*, 87 Fed. Appx. 998, p. 1 (5th Cir. 2004), *Vu v. Meese*, 755 F. Supp. 1375, 1378 (E.D. La. 1991).

The Court agrees with the contentions of the Defendants and finds that the

contacts alleged by Plaintiffs, including the Grand Jury subpeona issued to Plaintiffs in Louisiana as a result of Defendants' investigations, the documents mailed by Plaintiffs in response to the subpeona, and Weisel's name listed as the person to whom to mail records, are not sufficient meaningful contacts with the State of Louisiana to establish a prima facie case for personal jurisdiction over Defendants DePaoli, Huff, Kostem or Wiesel. The mere injury to a forum resident is not a sufficient connection to the forum. *Walden*, *Id*. In addition, Plaintiffs have failed to cite any law supporting their claims that the contacts of the United States should be imputed to the individual "Bivins" defendants. Therefore, Plaintiffs have failed to satisfy their burden of proving jurisdiction and dismissal of Plaintiffs' Bivens claims against Defendants is appropriate.

### III. Conclusion

Based on the foregoing reasons, the undersigned recommends that the Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Motion To Dismiss Pursuant To Rule 12(b)(2) and (3) [Rec. Doc. 45] be **GRANTED**, and that the claims filed by Plaintiffs against the Defendants DePaoli, Huff, Kostem or Wiesel be **DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this

report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

Signed at Lafayette, Louisiana, this 7th day of September, 2017.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**