UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VALOUR LLC, ET AL | CIVIL NO. 6:16-cv-0733 |
| VERSUS | JUDGE DEE D. DRELL |
| ROMANO DEPAOLI, ET AL | MAGISTRATE JUDGE WHITEHURST |

## ORDER

Before the undersigned, is a Motion To Dismiss For Lack of Jurisdiction and For Failure To State A Claim Upon Which Relief Can Be Granted Pursuant To Rule 12(b)(1) and 12(b)(6) filed by the United States of America [Rec. Doc. 32], Opposition thereto filed by Valour LLC ("Valour") and Dennis Pennington ("Pennington")(collectively "Plaintiffs")[Rec. Doc. 39], and Defendant's Reply thereto. [Rec. Doc. 44]. The Motion came before the Court for hearing on oral argument on August 16, 2017, and this matter was taken under advisement. [Rec. Doc. 54]. At the request of the Court, the Parties filed supplemental briefs regarding the applicability of 28 USC § 2680(h) to Plaintiffs' allegations against the United States under the Federal Tort Claims Act ("FTCA"). [Rec. Docs. 56 and 57].

The United States filed the instant Motion to Dismiss [Rec. Doc. 32] on the grounds that: (1) this Court lacks subject matter jurisdiction due to Plaintiffs' failure to exhaust administrative remedies; (2) the discretionary function exception to the FTCA bars this action; and/or (3) Plaintiffs failure to allege facts in their second

supplemental and amending complaint to state a claim upon which relief can be granted under the applicable state law. The Court addressed the Motion to Dismiss on ground (1) in a separate Report and Recommendation. [Rec. Doc. 60].

This Order addresses the Motion to Dismiss based on grounds (2) and (3). For the reasons set forth below, the Court grants Plaintiffs twenty-one (21) days from the date of this Order to amend their Second Amending and Supplemental Complaint in accordance with the findings set forth below. In light of this, the Court denies the United States' Motion to Dismiss For Lack of Jurisdiction Pursuant To Rule 12(b)(1) and 12 (b) (6) with regard to grounds (2) and (3) [Rec. Doc. 32] as MOOT, without prejudice to the United States' right to re-urge the Motion, if appropriate, to seek dismissal of the newly amended Complaint.

## I. Background

Plaintiffs Valour and Pennington filed this action against individual defendants[1] under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d. 619 (1971), and against the United States for possible abuse of process and malicious prosecution pursuant to the FTCA, 28 U.S.C. §§ 1346(b),

---

[1] Maurice Compton ("Compton"), Romano Depaoli ("Depaoli"), Lisa Huff ("Huff"), Harold Kostem ("Kostem") and Jeremy Wiesel ("Wiesel") are the individual defendants who were sued pursuant to *Bivins*. They filed a Motion To Dismiss Pursuant To Rule 12(b)(2) and (3) [Rec. Doc. 45] which also came before the Court for hearing on oral argument on August 16, 2017 and was taken under advisement. [Rec. Doc. 54]. This matter has been addressed in a separate Report and Recommendation by the undersigned.

2671, *et seq*.

The United States seeks dismissal of Plaintiffs' claims against it on the grounds that this Court lacks subject matter jurisdiction under the discretionary function exception to the FTCA. The United States further asserts that Plaintiffs fail to allege facts in their Second Supplemental and Amending Complaint to state a claim upon which relief can be granted under the applicable state law. Plaintiffs claim that this action falls under the law enforcement proviso exception to the intentional tort exception to the FTCA, 28 U.S.C. §2680(h), and thus, this Court has subject matter jurisdiction.

## II. Law and Analysis

Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit; and it is jurisdictional in nature. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996, 1000, 127 L.Ed.2d 308 (1994); *City of Alexandria v. Fed. Emergency Management Agency*, 781 F.Supp.2d 340, 346 (W.D. La. 2011). The FTCA is a general waiver of the sovereign immunity of the United States Government to suit in the federal courts. It was designed "to afford easy and simple access to the federal courts for persons injured by the activities of government" without the need to resort to private bills for the purpose of obtaining compensation. *Collins v. United States*, 783 F.2d 1225, 1233 (5th Cir.1986) (Brown, J., concurring). This design for

simplicity, however, is rendered more intricate by the numerous exceptions and provisos to the waiver that are found in § 2680. *Sutton v. United States*, 819 F.2d 1289, 1292 (5th Cir. 1987).

Two of those exceptions are at issue in this matter. The first, the discretionary function exception, § 2680(a), retains sovereign immunity for the United States against [a]ny claim ... based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the government, whether or not the discretion involved be abused. The second is the law enforcement proviso, a 1974 amendment to § 2680(h) constituting a limited waiver of sovereign immunity, which added to the original language that with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter [that waive sovereign immunity] ... shall apply to any claim arising out of assault, battery, false arrest, abuse of process, or malicious prosecution. *Sutton*, 819 F.2d at 1294.

The Fifth Circuit has recognized that §§ 2680(a) and (h) exist in tension with each other and that their purposes must be harmonized in each individual case, so as to give each provision meaning without abrogating either provision. *Nguyen v. United States,* 65 F. Appx. 509 (5th Cir. 2003) citing *Sutton*, 819 F.2d at 1295. In this regard, the court has not "hesitated to conclude that [an] action does not fall within the

4

discretionary function of § 2680(a) when governmental agents exceed the scope of their authority as designated by statute or the Constitution." *Sutton*, *Id*.

In *Sutton*, the court remanded the case for further proceedings on the grounds that the District Court's dissolution of the case under F.R.Civ. P. 12 was premature, stating, " The trial court must examine more specifically pleaded facts against the legislative purposes of sections 2680(a) and (h) to determine whether the nature and quality of the conduct specifically set forth is of the type which Congress intended to include in permitting claims for some intentional torts including malicious prosecution, or is the nature and quality for which Congress intended to retain its immunity for acts involving discretionary functions."

In *Nguyen*, the court stated "in harmonizing the two provisions in this case, it is significant that the INS officers did not commit a constitutional violation nor did they engage in any conduct that could be described as in bad faith.... With respect to the claim of negligence in investigating, the only basis asserted is failing to obtain Nguyen's "A file" and failing to otherwise determine from various documents that Nguyen was entitled to derivative citizenship. Because there is no allegation or evidence of intentional misconduct, this is essentially a claim that the INS officers failed to adequately perform a discretionary duty, which falls squarely within the discretionary function exception." *Nguyen,* 65 F.Appx. 509 at 2.

In the instant matter, Plaintiffs have made reference to one of the investigative officers misleading the Magistrate Judge, *R. 27, ¶ 87,* and have made many vague references regarding several of the investigators manipulating evidence and/or downplaying exonerating evidence in order to further the investigation. It is unclear to the Court, however, whether this constitutes bad faith or intentional misconduct in order to place it within the law enforcement proviso. The Court finds that the Plaintiff's Second Supplemental Complaint is unclear and that there are inadequate factual allegations which prevent this Court from evaluating the cause of action in light of the differing statutory policies. Thus, the Court will deny the United States Motion to Dismiss with regard to grounds (2) and (3) alleged therein, and allow Plaintiffs the opportunity to amend its Second Supplemental Complaint. Accordingly,

**IT IS ORDERED** that Plaintiffs shall file, within twenty-one (21) days, an amended Complaint asserting claims consistent with the Fifth Circuits' requirements in *Sutton* and *Nguyen*. In drafting the amended complaint, Plaintiffs should tailor his allegations to enable this Court to determine whether the nature and quality of conduct specifically set forth was of type which Congress intended to include in permitting claims for some intentional torts under law enforcement proviso or was of type for which Congress intended to retain its immunity as acts of discretionary function.

**IT IS FURTHER ORDERED** that the Motion To Dismiss with regard to grounds (2) and (3) is **DENIED WITHOUT PREJUDICE** to the right of the United States to re-urge the Motion, if appropriate, to seek dismissal of the amended Complaint.

**THUS DONE AND SIGNED** at Lafayette, Louisiana, this 27th day of September, 2017.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE